CHAD A. READLER
Acting Assistant Attorney General
Civil Division

ALANA W. ROBINSON
Acting United States Attorney

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

CHETAN A. PATIL (NY 4780599)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel.: (202) 305-4968; Fax: (202) 616-8470
Email: chetan.patil@usdoj.gov

*Attorneys for Defendants*
*U.S. Department of Homeland Security and*
*U.S. Customs and Border Protection*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF SAN DIEGO AND IMPERIAL COUNTIES,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY and U.S. CUSTOMS AND BORDER PROTECTION,<br><br>Defendants. | Case No. **3:17-cv-00733-L-JLB**<br>Assigned to Hon. Jill L. Burkhardt<br><br>**JOINT STATUS REPORT**<br><br>CMC Date:  October 17, 2017<br>Time:           1:45 p.m.<br><br>Action Filed: April 12, 2017 |

Plaintiff American Civil Liberties Union of San Diego and Imperial Counties and Defendants U.S. Department of Homeland Security ("DHS") and U.S. Customs and Border Protection ("CBP") respectfully submit this Joint Status Report pursuant to this Court's Minute Order of September 28, 2017. ECF No. 47. The parties submit this Report following a conference of counsel on October 10, 2017. The

parties incorporate by reference the previously filed Joint Discovery Plan, ECF No. 46.

I.   **PLAINTIFF'S POSITION**

Plaintiff continues to disagree with Defendants' request to replace the Court's tentative calendar with an open-ended schedule with no production or dispositive motion deadlines. This action seeks the disclosure of records and related relief in connection with Plaintiff's FOIA request about CBP's local implementation of President Trump's Executive Orders purporting to halt refugee admissions and to bar travelers from several predominantly Muslim countries. As Defendants recognized in granting Plaintiff's request for a fee waiver, this is a matter of substantial public concern. *See* 5 U.S.C. § 552(a)(4)(A)(iii) (fee waiver appropriate when disclosure of requested records is in the public interest and is "likely to contribute significantly to public understanding of the operations or activities of the government ").

To ensure that such material is disclosed when it still can inform ongoing public debate, FOIA requires that agencies promptly produce non-exempt records. *See* 5 U.S.C. § 552(a)(6)(A)(i) (establishing 20-day response deadline absent "unusual" or "exceptional" circumstances). In setting this timeline, "Congress was specifically concerned that agencies would delay in responding to requests." *Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, 85 F. Supp. 3d 1074, 1089 (N.D. Cal. 2015). *See also Martins v. USCIS*, 962 F. Supp. 2d 1106, 1127 (N.D. Cal. 2013) (recognizing that "expeditious release of documents … furthers FOIA's core purpose of shed[ding] light on an agency's performance") (quotation omitted). More than eight months have gone by since Plaintiff submitted the request at issue. Defendants have not established good cause to further delay disclosure by replacing the Court's tentative calendar with a schedule involving quarterly or monthly status reports but no production or dispositive motion deadlines.

Defendants' request is based on the asserted administrative burden from processing records related to *other* litigation arising from *separate* FOIA requests by

*different entities* seeking *different records*. While the actions may have some overlap, Defendants already sought to consolidate this case with the other lawsuits on that basis, and the United States Judicial Panel on Multidistrict Litigation ("MDL") denied their request. *See* ECF No. 40. The MDL panel permitted this action to proceed independently, on its own terms. *Id.* Consequently, these other FOIA requests and lawsuits do not provide a proper basis for delaying disclosure in this particular action. Defendants have not shown that processing the records responsive to Plaintiff's request presents an unreasonable burden.

To the contrary, Defendants state that CBP has collected approximately 3,555 potential responsive email messages and attachments from three records custodians in the San Diego Field Office and Port of San Diego. While Plaintiff does not concede that this is a sufficiently responsive search, the figure demonstrates that the request at issue in this lawsuit is a manageable one that is not so voluminous or burdensome as to justify the requested modification to the Court's schedule. Defendants should not be permitted to delay producing this limited set of records for an undetermined amount of time simply because they chose to move them from San Diego to Washington DC for processing, despite having their request to consolidate this action with the other cases denied.

Plaintiff therefore respectfully requests that the Court adopt its tentative schedule for the parties to file dispositive motions by December 22, 2017.[1] In order to frame the issues to be adjudicated on summary judgment, Plaintiff requests that the Court order Defendants to produce all non-exempt responsive records along with a Vaughn index identifying any withheld documents and the exemptions being claimed no later than November 22, 2017. Plaintiff would consider a request by Defendants supported by sufficient good cause to continue these deadlines for a

---

[1] As discussed in the previously filed Joint Discovery Plan, ECF No. 46, because this FOIA case will likely be fully resolved on a motion or cross-motions for summary judgment, the other deadlines in the tentative schedule will likely be inapplicable.

reasonable, specific period of time, but it continues to oppose an open-ended schedule with no production or dispositive motion deadline.

## II.  DEFENDANTS' POSITION

Plaintiff submitted its FOIA request to CBP on February 2, 2017 seeking records related to the implementation and enforcement of Executive Order 13,769, titled "Protecting the Nation from Foreign Terrorist Entry into the United States" at what Plaintiff describes as sites within the purview of CBP's San Diego Field Office. On the same day, various other ACLU affiliates submitted 17 other FOIA requests seeking the same or substantially similar categories of records from other CBP field offices, including one request submitted by the national ACLU organization which sought records from CBP headquarters. In addition, on February 10, 2017, the ACLU of Michigan submitted a supplemental request also seeking the same or substantially similar categories of records. By letter dated May 26, 2017, CBP advised Plaintiff and the other ACLU affiliates that, due to the overlapping nature of the 19 FOIA requests, it would centrally coordinate the search for records responsive to the requests.

CBP has collected and begun processing email records, including attachments, to or from over 80 custodians in the various field offices covered by the ACLU affiliates' requests. To date, CBP has fully processed approximately 564 pages of records and released the non-exempt information in three interim releases of records, on July 14, July 26, and September 21, 2017.

However, the volume of the records compiled and the complexity of the review necessary for processing records potentially responsive to Plaintiff's request compelled the agency to transition the collected email files to a new review platform that allows for more efficient processing. This effort is designed to streamline processing for all of the ACLU FOIA requests, avoid duplication, and expedite review. That transition has recently been completed. The agency anticipates that after an initial ramp-up period for its FOIA processors to become trained and

proficient on this platform, the new platform will allow for an improved processing rate as compared to its prior platform.

Furthermore, the new review platform allows for increased efficiencies from de-duplication of documents within and across field offices and email threading. To date, CBP has collected and begun processing approximately 103,000 records consisting of email messages and attachments to or from over 80 custodians in the various field offices covered by the ACLU affiliates' requests. These records comprise approximately 275,000 pages.[2] Specifically with respect to Plaintiff's request, CBP has collected approximately 3,555 potentially responsive email messages and attachments, comprising over 8,700 pages (not including spreadsheets, *see supra* n.2), to or from three custodians in the San Diego Field Office and the Port of San Diego. The three custodians are the Director of Field Operations for the San Diego Field Office, the Assistant Director of Field Operations for the San Diego Field Office, and the Port Director for the Port of San Diego. In addition, CBP has also collected approximately 10,000 email messages and attachments from custodians at CBP Headquarters, some of which include communications with the custodians in the San Diego Field Office.[3] The agency is also searching for non-email records but intends to prioritize processing of email records.

CBP is also in the process of applying a core list of search terms to identify records that are likely to be responsive to the ACLU affiliates' requests. CBP received proposed lists of search terms from plaintiffs in six of the parallel actions brought by other ACLU affiliates involving the FOIA requests submitted on February 2, 2017 and February 10, 2017. The agency has reviewed and analyzed the

---

[2] This total page count does not include spreadsheets attached to email messages, as it is difficult to translate spreadsheets into pages.

[3] The agency has not yet determined how many, if any, of these records are not duplicative of records collected from the custodians in the San Diego Field Office and/or are potentially responsive to Plaintiff's request.

search terms provided by these affiliates and used these lists to derive its core list of search terms.  The agency will share that core list of search terms with Plaintiff shortly.  The agency will then review the documents identified by its core search terms for responsiveness and for any information that should be withheld pursuant to a FOIA exemption, and will continue to release responsive, non-exempt records on a rolling basis.  In addition, once its releases near completion, the agency will consider whether any additional searches are reasonably likely to identify additional responsive records and will engage in discussions with Plaintiff to that end.

Accordingly and as set forth in the parties' Joint Discovery Plan, Defendants continue to maintain that good cause exists to modify the Court's tentative schedule regarding the date by which all motions would be filed.  Defendants continue to propose that CBP be permitted to continue releasing non-exempt records responsive to Plaintiff's FOIA request on a rolling basis while submitting quarterly or monthly status reports to advise the Court on CBP's progress and to assure the Court that CBP is proceeding diligently under the circumstances.  CBP anticipates that by the next such status report, it will be able to provide additional information pertinent to scheduling in this litigation, including anticipated processing rates (*e.g.*, number of pages per month, factoring in staffing considerations, as well as the competing interests of all the related FOIA litigation across the country) and an estimated processing schedule.  In addition, Defendants will continue to confer with Plaintiff in good faith regarding the scope, timing, and protocol of the agency's search and release of records, and simultaneously will continue to process and release records on a rolling basis.

| | | |
|---|---|---|
| 1 | DATED: October 13, 2017 | DAVIS WRIGHT TREMAINE LLP<br>THOMAS R. BURKE<br>DAN LAIDMAN |
| | | ACLU FOUNDATION OF SAN DIEGO AND IMPERIAL COUNTIES<br>MITRA EBADOLAHI |
| | | By: /s/ Thomas R. Burke<br>  Thomas R. Burke<br>  Attorneys for Plaintiff<br>  AMERICAN CIVIL LIBERTIES UNION OF SAN DIEGO AND IMPERIAL COUNTIES |
| | DATED: October 13, 2017 | UNITED STATES DEPARTMENT OF JUSTICE<br>CHAD A. READLER<br>Acting Assistant Attorney General |
| | | ALANA W. ROBINSON<br>Acting United States Attorney |
| | | ELIZABETH J. SHAPIRO<br>Deputy Director, Federal Programs Branch |
| | | CHETAN A. PATIL |
| | | By: /s/ Chetan A. Patil<br>  Chetan A. Patil<br>  Attorneys for Defendants<br>  U.S. DEPARTMENT OF HOMELAND SECURITY AND U.S. CUSTOMS AND BORDER PROTECTION |

## **SIGNATURE CERTIFICATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Thomas R. Burke, counsel for Plaintiff ACLU of San Diego and Imperial Counties, and that I have obtained Mr. Burke's authorization to affix his electronic signature to this document.

           /s/  Chetan A. Patil
CHETAN A. PATIL